IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 80954-7-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| AMBER KAY ELLIOTT, | ) | |
| | ) | |
| Appellant. | ) | |

PER CURIAM — Amber Elliott appeals the judgment and sentence imposed following her conviction for possession of heroin and third degree retail theft. She contends that the trial court waived all discretionary legal financial obligations, but that the judgment and sentence erroneously requires her to pay the costs of supervision by the Department of Corrections. The State concedes that this condition should be stricken because the sentencing court clearly intended to impose only mandatory legal financial obligations. See State v. Dillon, 12 Wn. App. 2d 133, 152, 456 P.3d 1199 (2020) (striking DOC supervision fee where "[t]he record demonstrate[d] that the trial court intended to impose only mandatory LFOs"). Elliott also contends, and the State concedes, that the judgment and sentence must specify that any funds subject to the Social Security Act's anti-attachment statute, 42 U.S.C. § 407(a), may not be used to satisfy her legal financial obligations. Finally, Elliott's judgment and sentence indicates that

Citations and pin cites are based on the Westlaw online version of the cited material.

she committed the third degree retail theft on November 22, 2018, when in fact, the offense was committed on May 2, 2018. The State agrees that the date is a scrivener's error that should be corrected.

We accept the State's concessions. We remand to the trial court to strike the supervision fee, to amend the judgment to reflect that legal financial obligations may not be satisfied from Elliott's social security benefits, and to correct the date of violation for the third degree retail theft conviction.

Bowman, J.

Dwyer, J.

Andrus, A.C.J.